Randall F. PAINTER, suing as the Administrator of the Estate of Elvon A. Painter, Deceased, Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY et al., Defendants-Appellees.

Fred CAMPBELL, suing as Admr. of the Estate of Beverly Campbell, Deceased, Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY et al., Defendants-Appellees.

Nos. 72-3690, 72-3691

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 28, 1973.

Alva C. Caine, Birmingham, Ala., for plaintiffs-appellants.

Robert H. Marquis, Gen. Counsel, Beauchamp E. Brogan, Asst. Gen. Counsel, Beverly S. Burbage, and Charles A. Wagner, III, Tenn. Valley Authority, Knoxville, Tenn., for defendants-appellees.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970.)

PER CURIAM:

These two actions brought under the Alabama wrongful death act [1] against the Tennessee Valley Authority [TVA] were dismissed for failure to state a claim upon which relief could be granted. We affirm.

The TVA is a federally owned corporation and it is conceded to be an agency or instrumentality of the United States. Though it may sue or be sued in contract or tort,[2] Congress has made no provisions allowing suit against it for punitive damages.

■ The plaintiffs candidly concede that pursuant to Alabama law the only damages recoverable under the wrongful death statute are punitive damages. There is no provision in Alabama law establishing a right in the decedent's survivors to recover compensatory damages for a wrongful death. Moreover, we reject the argument that the damages awarded under the statute are, regardless of the label applied by the Alabama courts, inherently compensatory to any extent. Since the objectives of punitive damage awards are totally unrelated to the purposes of compensation, it would be a mere happenstance if a verdict for punitive damages equalled compensatory damages in this cause. The purpose of this law as declared of the courts of Alabama is binding on this court. It simply will not do to allow plaintiff's to utilize Alabama's wrongful death law authorizing punitive recovery as a surrogate authority to recover compensatory damages by assuming our own view of its true purpose or measure of damages to be awarded which the statute does not authorize and Alabama courts declare is not present. See Massachusetts Bonding & Insurance Company v. United States, 352 U.S. 128, 77 S. Ct. 186, 1 L.Ed.2d 189 (1956).

■ The district court concluded, on the authority of Littleton v. Vitro Corp. of America, 130 F.Supp. 774 (N.D.Ala. 1955), that the action for punitive damages would not lie against the TVA, under the established rule that punitive damages cannot be recovered from the United States or its agencies. See Missouri Pacific R. R. v. Ault, 256 U.S. 554, 41 S.Ct. 593, 65 L.Ed. 1087 (1921); Reconstruction Finance Corp. v. Texas, 229 F.2d 9 (5th Cir.), cert. denied, 351 U.S. 907, 76 S.Ct. 695, 100 L.Ed. 1442 (1956). See also Fowler v. Tennessee Valley Authority, 208 F.Supp. 828 (E.D.Tenn. 1962), aff'd on other grounds, 321 F.2d 566 (6th Cir. 1963).[3]

It is altogether anamolous that similarly situated survivors could maintain this action against the TVA under the law of practically any other state [4] while those who have the misfortune of being relegated to the use of Alabama law are permitted no right of action at all. This lack of uniformity of tort responsibility of a federal institution based on the fortuity of geography is irrational. However, this inferior federal court has no power and declines to assume the temerity to so intrude in matters traditionally committed to the States as to declare the existence of a federal right in the survivors to recover for a decedent's death, even though the "policy . . . [of recognizing such a right] has become itself a part of our law, to be given its ap-

---

1. Ala.Code tit. 7, § 123 (1960).

2. 16 U.S.C.A. § 831c(b); Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); Adams v. Tennessee Valley Authority, 254 F.Supp. 78 (E.D.Tenn. 1965); Littleton v. Vitro Corp. of America, 130 F.Supp. 774 (N.D.Ala. 1955).

3. The same district court which decided Littleton v. Vitro Corp. of America, supra, has reached similar results in at least three other cases, one of which was decided as early as 1940. During this time the State of Alabama has not seen the need to amend the statute or to change its construction.

4. In Massachusetts Bonding & Ins. Co. v. United States, supra, the Supreme Court observed that apparently the punitive construction of wrongful death statutes prevailed only in Massachusetts and Alabama.

propriate weight not only in matters of statutory construction but also in those of decisional law." Moragne v. States Marine Lines, Inc., 398 U.S. 375, 390–391, 90 S.Ct. 1772, 1782, 26 L.Ed.2d 339 (1970).

The aberration in such cases must find its remedy through an appropriate Congressional waiver of the TVA's immunity to punitive damages [5] or by the creation of some uniform federal right of action, or by Alabama's amendment or reinterpretation of its law.

The decisions in these cases are in all respects

Affirmed.

---

5. An analogous result obtained in actions brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., prior to its amendment in 1947. The present 28 U.S.C. § 2674 provides:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

> If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

The Federal Tort Claims Act does not apply, however, to actions against the Tennessee Valley Authority. 28 U.S.C. § 2680(l).