**Larry STERRETT and Gloria Sterrett, Plaintiffs,**

*v.*

**MILK RIVER PRODUCTION CREDIT ASSOCIATION, a/k/a Milk River Production Credit Association in Liquidation, a corporation; Federal Intermediate Credit Bank of Spokane, a corporation; Doe One; Doe Two; Black & White Association; Red & Green Association; Does Three to Twelve, Defendants.**

**No. CV–85–270–GF.**

United States District Court,
D. Montana,
Great Falls Division.

July 30, 1986.

Ted Thompson, Thompson & Swenson, Havre, Mont., for plaintiffs.

Richard A. Edwards, Mark A. Anderson, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., John P. Paul, Alexander & Baucus, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This matter comes before the court on motion of the plaintiffs requesting the court to enter an order of remand pursuant to 28 U.S.C. § 1447(c).

## BACKGROUND

The defendants, the Milk River Production Credit Association ("MRPCA") and the Federal Intermediate Credit Bank of Spokane ("FICBS"), invoke the removal jurisdiction of this court pursuant to 28 U.S.C. § 1441.[1] Relying upon the "artful pleading" limitation to the "well-pleaded complaint" rule, *see, Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, n. 2, 101 S.Ct. 2424, n. 2, 69 L.Ed.2d 103 (1981), the defendant entities assert that the claims advanced by the plaintiffs, although cast entirely in terms of state law, are essentially tort claims falling within the purview of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* The defendant entities predicate their conclusion upon the fact that they have been specifically designated "federal instrumentalities," a fact which precludes their subjection to suit in tort except in conformance with the prescriptions of the FTCA.[2] Con-

---

1. The defendant entities also attempt to predicate removal of this action upon 28 U.S.C. § 1442(a)(1). The court, however, finds 28 U.S.C. § 1442 inapposite under the circumstances. The question of whether 28 U.S.C. § 1442(a)(1) applies to Federal "agencies" themselves appears unresolved in this circuit. Affording the language of the statute its plain meaning, this court chooses to follow the rationale of the majority of courts which have addressed the issue by concluding that agencies themselves do not come within the meaning of § 1442(a). *See,* 64 ALR Fed 146 (and cases cited therein). Having reached this conclusion, the court need not address whether the other components, essential for removal under § 1442(a)(1), *i.e.,* an "act" "under color" of Federal law, are satisfied.

2. The defendant entities are both federally chartered corporations, expressly granted the status of "Federal instrumentalities" by Congress in the enabling legislation allowing the establishment of such entities. *See,* 12 U.S.C. §§ 2071, 2091. The federal intermediate credit banks were initially established pursuant to the Agricultural Credits Act of 1923, while the seminal legislation establishing the production credit associations was the Farm Credit Act of 1933.

sequently, the defendants submit, removal as a "federal question" case under 28 U.S.C. § 1441(b) is appropriate, since 28 U.S.C. § 1346 vests jurisdiction over suits under the FTCA exclusively in the federal district courts. The court disagrees. Rather, review of the record convinces the court that this case was removed "improvidently and without jurisdiction" within the meaning of 28 U.S.C. § 1447(c).

## DISCUSSION

■ The propriety of remanding this case turns on the validity of the major premise of the defendants' position, *i.e.*, that a suit in tort against the corporate entities comprising the Federal Farm Credit System is, in essence, a suit against the United States, requiring strict compliance with the prescriptions of the FTCA.[3] The argument advanced by the defendant enti-

ties merely assumes that the FTCA applies to these corporate entities because the enabling legislation deemed them to be "federal instrumentalities." A more exacting analysis of the pertinent statutory law, however, compels the court to conclude that FTCA is inapplicable to tort actions against those corporate entities comprising the Farm Credit System.[4]

## FEDERAL INTERMEDIATE CREDIT BANKS

■ The FICBS fails to take proper cognizance of the fact that the federal intermediate credit banks, although federally chartered corporations, are expressly excluded from coverage under the FTCA. 28 U.S.C. § 2680(n).[5] Consequently, the restrictions and conditions imposed on suits subject to the FTCA have no application to suits

The various federal intermediate credit banks and production credit associations, together with the various federal land banks, federal land bank associations and banks of cooperatives are all distinct corporate entities comprising the federal cooperative credit system for agriculture known as the Farm Credit System. 12 U.S.C. § 2002. The Farm Credit System is supervised and coordinated by the Farm Credit Administration. 12 U.S.C. §§ 641 *et seq.*, 1021 *et seq.*, 1134, 1134f. The status of these entities as federal instrumentalities was reaffirmed in the provisions of the Farm Credit Act of 1971, Pub.L. No. 92–181, 85 Stat. 583, U.S.C. §§ 2001 *et seq.*

3. The defendants are correct in concluding that jurisdiction over claims subject to the FTCA is vested exclusively in the federal district courts. 28 U.S.C. § 1346(b). It necessarily follows that the courts of the several states are incompetent to act with respect to claims cognizable under the FTCA for want of subject matter jurisdiction. *See, Richards v. United States*, 369 U.S. 1, n. 28, 82 S.Ct. 585, n. 28, 7 L.Ed.2d 492 (1962). Therefore, even if the court were to assume that the defendant entities are subject to the prescriptions of the FTCA, removal of this action would, nonetheless, be improper. Given the derivative nature of removal jurisdiction, removal of a case will not cure the jurisdictional defect inherent in those cases where the state court lacked subject matter jurisdiction in the first instance. *See, Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir.1972). Where the claims at

issue are exclusively federal claims, the court is compelled, however, to dismiss the claims rather than remand them to state court. *See, Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841 n. 27, 77 L.Ed.2d 420 (1983); *see also, Jacobsen v. Tahoe Regional Planning Agency*, 566 F.2d 1353 (9th Cir.1978), *rev'd on other grounds*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

4. The defendants rely primarily upon the holding of the Court of Appeals for this Circuit entered in *Matter of Sparkman*, 703 F.2d 1097 (9th Cir.1983), submitting that the rationale espoused therein is dispositive of whether the corporate entities of the Farm Credit System come within the purview of the FTCA. The defendants' reliance upon *Sparkman*, however, is misplaced. The import of *Sparkman*, which is not an FTCA case, lies in its rejection of the proposition that a waiver of sovereign immunity with respect to punitive damages may be implied from the mere existence of a "sue and be sued" clause in the enabling legislation for a government corporation. That proposition is clearly distinct from the issue of whether a government corporation is subject to suit only in conformance with the FTCA. *See, Smith v. Russellville Production Credit Assoc.*, 777 F.2d 1544, 1549–50, (11th Cir.1985); *see also, Painter v. Tennessee Valley Authority*, 476 F.2d 943 (5th Cir.1973).

5. 28 U.S.C. § 2680(n) excludes from the coverage of the FTCA "any claim arising from the activities of a Federal land bank, a Federal intermediate credit bank, or a bank of cooperatives."

brought against the various federal intermediate credit banks. *See, Wayne v. Tennessee Valley Authority,* 730 F.2d 392 (5th Cir.1984) [construing 28 U.S.C. § 2680(*l*)]; *Painter v. Tennessee Valley Authority,* 476 F.2d 943 (5th Cir.1973) [construing 28 U.S.C. § 2680(*l*)]; *DeScala v. Panama Canal Co.,* 222 F.Supp. 931 (S.D.N.Y.1963) [construing 28 U.S.C. § 2680(m)]; *see also, Expeditions Unlimited, Etc. v. Smithsonian Institution,* 566 F.2d 289, 297–98 (D.C. Cir.1977).[6]

■ The FICBS mischaracterizes the exclusion contained in Section 2680(n) by suggesting the exclusion serves to immunize it from liability in tort. In so doing, the FICBS chooses to ignore the waiver of sovereign immunity accomplished by the "sue and be sued" clause contained in the legislation establishing the federal intermediate credit banks. 12 U.S.C. § 2071. The exclusion serves to negate the limitations the FTCA otherwise imposes upon a suit against a federal instrumentality, thereby subjecting the federal intermediate credit banks to liability in tort to the same extent as any private entity.

The foregoing conclusion is bolstered by the legislative history attendant the Farm Credit Act of 1959, which enacted, *inter alia,* the exclusion contained in Section 2680(n) of the FTCA. In addition to improving the efficiency of the Farm Credit System, the stated purpose of the Farm Credit Act of 1959 was to clarify the application of certain federal laws to the various institutions comprising that system. Senate Rep. No. 605, 86th Congress 1st Sess. 2, *reprinted in* [1959] U.S.Code Cong. & Admin.News 2123. The overall design of the 1959 Act was to implement a means of "increasing borrower participation in the ownership of the Farm Credit System to the end that the investment of the United States in the federal intermediate credit banks, the production credit corporations, and the banks for cooperatives may be

retired." *Id.* at 2123. Section 202 of the 1959 Act served to exempt the "farm credit banks" and their employees from, *inter alia,* the Social Security Act, the Internal Revenue Code, the Federal Employees Pay Act and the FTCA. *Id.* at 2131. A general exemption to all future acts of Congress relating to agencies or instrumentalities of the United States, as well as to corporations owned, or controlled, in whole or in part by the United States, was accomplished by Section 203(b) of the 1959 Act. *Id.* at 2131. The thrust of the 1959 Act was to further implement the transition of the Farm Credit System from a government owned system to a system akin to a private banking institution.

Contrary to the assertion of the FICBS then, no exclusively federal claim exists with respect to that entity upon which to predicate federal question jurisdiction.

### PRODUCTION CREDIT ASSOCIATIONS

The text of Section 2680(n) does not specifically refer to the PCA's. Implicit in the position taken by the defendant MRPCA in the case at bar is the proposition that the conspicuous absence of the PCA's can only mean those entities remain within the coverage of the FTCA. That proposition, however, not only defies logic, but runs contrary to the desire of Congress to transform the Farm Credit System from a governmental to a privately owned and controlled system. *See,* House Rep. No. 287, 86th Congress 1st, Sess. 1, *reprinted in* [1959] U.S.Code Cong. & Admin.News 2123.

The PCA's are chartered by the Farm Credit Administration and operate under the provisions of the Farm Credit Act of 1933, as amended. Initially, the PCA's were almost entirely capitalized through the purchase of non-voting stock by the government. Senate Rep. No. 605, 86th Congress, 1st Sess. 2, *reprinted in* [1959]

---

**6.** There appears to exist no reported cases involving the exclusion set forth in Section 2680(n). *See,* Vol. 2 Jayson, HANDLING OF FEDERAL TORT CLAIMS, pp. 13–121 (1965). However, the court finds the rationale of those cases interpreting the similar exclusion contained in Section 2680(*l*), with respect to the Tennessee Valley Authority, applicable by analogy.

U.S.Code Cong. & Admin.News 2123, 2127. As capital investments by members grew and earnings of the PCA's accumulated, the government capital in the associations was gradually retired. As of the date the Farm Credit Act of 1959 was before Congress, all but $4 million of the approximately $90 million the government initially invested had been retired. *Id.* As of 1968, all government capital in the PCA's was retired, resulting in the associations being completely owned by their respective members. House Rep. No. 92–593, 92nd Congress, 1st Sess. 2, *reprinted in,* [1971] U.S.Code Cong. & Admin.News 2091, 2098.

The federal intermediate credit banks, the federal land banks, and the various banks of cooperatives, like the PCA's, were initially capitalized by the government, and remained so until January 1, 1957, the effective date of the Farm Credit Act of 1956. The retirement of the government's investment in the various entities of the Farm Credit System prompted Congress to enact 28 U.S.C. § 2680(n), in order that the transition of those entities from government to private lending institutions would be complete.

 Where Congress has not expressed its will in words, the Congressional will must be divined by a process of interpretation which ascertains the policy immanent in a series of legislative enactments. *See, Keifer and Keifer v. Reconstruction Finance Corporation,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). To imply for the various PCA's a unique legal position compared to the federal land banks for whose purposes the PCA's are so closely allied is to infer a congressional idiosyncrasy; an inference which must be avoided. *Id.* at 393, 59 S.Ct. at 520. Congress, through its series of enactments affecting its original structuring of the Farm Credit System, intended to effectuate a reduction of government capital in the corporate entities comprising the System and accomplish a transition of those entities to private lending institutions.

Consequently, the court finds that Congress has manifested its intention that the liability in tort of the corporate entities comprising the Farm Credit System shall e the same as any other private lending institution operating in a particular state. In the case at bar, no exclusively federal claim exists with respect to the MRPCA upon which to predicate Federal question jurisdiction.

For the reasons set forth herein, IT IS ORDERED, pursuant to 28 U.S.C. § 1447, that the present matter be REMANDED forthwith to the District Court of the Seventeenth Judicial District for the State of Montana.