No. 87-409 *B*

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

ERNEST E. TOOKE and PEGGY TOOKE,

Plaintiffs and Appellants,

-vs-

THE MILES CITY PRODUCTION CREDIT ASSOCIATION,
a corporation, THE INTERSTATE PRODUCTION
CREDIT ASSOCIATION, a corporation, and ALBERT
VAN HAMLRYCK,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Carter,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gene Huntley, Baker, Montana

For Respondent:

George W. Huss, Brown and Huss; Miles City, Montana
John D. Alexander, Ugrin, Alexander, Zadick & Slovak;
Great Falls, Montana

Submitted on Briefs: January 14, 1988

Decided: March 31, 1988

Filed: MAR 31 1988

*Ethel M. Harrison*

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Sixteenth Judicial District Court, Carter County. The only issue is whether the District Court properly dismissed Appellants Tookes' tort claim against Respondents Miles City Production Credit Association, Interstate Production Credit Association, and Albert Van Hemlryck, (MCPCA), for lack of subject matter jurisdiction. We affirm. (Production credit associations in general are hereinafter referred to as PCA's, and the Federal Tort Claims Act is hereinafter referred to as the FTCA).

Tookes alleged that MCPCA's actions on the Tookes' loan application amounted to breach of fiduciary duty and constituted constructive and actual fraud. MCPCA moved to dismiss the suit contending that under the Federal Tort Claims Act subject matter jurisdiction for torts alleged against PCA's rested exclusively in federal court. See 28 U.S.C. § 1346(b) (1982). The District Court agreed citing In the Matter of Sparkman (9th Cir. 1983), 703 F.2d 1097, and Towery v. Willamette Production Credit Association (D.C.Ore. filed Sept. 19, 1983), No. 83-28BE. Towery relied on Sparkman to dismiss a tort claim in state court against an Oregon production credit association for lack of subject matter jurisdiction.

On appeal, Tookes argue that Sparkman does not apply, and that PCA's are exempted from FTCA coverage. Their arguments are premised on the fact that; (1) Congress authorized suit against PCA's in the Farm Credit System legislation, (2) Congress provided for an exemption for PCA's in the FTCA, and (3) under the test set out in Lewis v. United States (9th Cir. 1982), 680 F.2d 68, PCA's are not instrumentalities for purposes of the FTCA. Tookes have also

2

made a motion for judgment on this appeal contending that MCPCA waived objections to subject matter jurisdiction by filing a separate action in state district court to foreclose Tookes' mortgage.

MCPCA responds that; (1) Sparkman controls the extent of the waiver of sovereign immunity granted by the Farm Credit System legislation for tort claims against PCA's, (2) PCA's were not exempted from FTCA coverage even though some of the Farm Credit System's components are arguably exempted, and (3) Sparkman provides the test for determining whether PCA's are instrumentalities for purposes of the FTCA. MCPCA has also responded to Tookes' motion for judgment contending that subject matter jurisdiction cannot be created by consent. We will address the parties' contentions on the issue separately, beginning with the argument over the applicability of Sparkman.

I.

MCPCA points out that tort claims against instrumentalities acting primarily as agents of the United States must be pursued according to the FTCA. 28 U.S.C. § 2679 (1982). And tort claims cognizable under the sovereign immunity waiver in the FTCA must be brought in federal district court. 28 U.S.C. § 1346(b) (1982).

The farm credit enabling legislation provides instrumentality status for PCA's. 12 U.S.C. § 2091 (1982). And at least in regard to state taxation, Congress protected PCA's by granting them instrumentality status. 12 U.S.C. § 2098 (1982). MCPCA argues that these statutes and Sparkman demonstrate that PCA's are instrumentalities for purposes of applying the FTCA.

Tookes argue that despite the instrumentality status of PCA's, they are subject to state court jurisdiction on tort claims. To support this proposition, Tookes cite Birbeck v.

3

Southern New England Production Credit Association (D.Conn. 1985), 606 F.Supp. 1030. The plaintiffs in Birbeck had agreed to transfer real and personal property to their creditor PCA in exchange for a release from debt. After execution of the settlement agreement, the plaintiffs brought an action in federal district court to have the agreement set aside contending that federal statutes granting federal courts subject matter jurisdiction to adjudicate alleged constitutional and federal common law violations made their claim cognizable in federal court. The Court held that no grant of subject matter jurisdiction existed under the law cited by the plaintiffs. Birbeck, 606 F.Supp. at 1046. However, the plaintiffs in Birbeck did not allege that the FTCA granted subject matter jurisdiction for the claim, and "the relief plaintiffs seek rests on principles of state contract law." Birbeck, 606 F.Supp. at 1038. Thus, Birbeck is not authority for deciding the issue of whether a tort claim against a PCA should proceed according to the provisions of the FTCA.

However, Sparkman does not directly settle the issue either. In Sparkman the Ninth Circuit Court of Appeals reviewed an appeal from bankruptcy court where the debtor's counterclaim in tort sought punitive damages from the creditor PCA. Although the bankruptcy court cited the FTCA when it refused to hold the PCA liable for punitive damages, the Circuit Court of Appeals relied on general principles of sovereign immunity to affirm the decision. Sparkman, 703 F.2d at 1100. The fact that Sparkman relied on general principles of sovereign immunity rather than the FTCA is evident by its citation of Painter v. Tennessee Valley Authority (5th Cir. 1973), 476 F.2d 943. Painter held that sovereign immunity protected the Tennessee Valley Authority from punitive damages. Painter, 476 F.2d at 944. However,

4

Painter is not a FTCA case because the Tennessee Valley Authority is specifically exempted from the agencies and instrumentalities covered in the FTCA. 28 U.S.C. § 2680(l) (1982). Thus, Sparkman did not decide the issue before us in this case.

Nevertheless, Sparkman stands for the proposition that current federal law grants some of the benefits of sovereign immunity to PCA's. According to the Court,

> The sovereign, along with its agencies and instrumentalities, enjoys immunity from suit unless it waives that immunity. Federal Housing Administration v. Burr, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). A federal instrumentality, therefore, retains its immunity from punitive damages unless Congress explicitly authorizes liability for such damages.

(Emphasis in original). Sparkman, 703 F.2d at 1101. The case also makes it clear that the waiver of sovereign immunity as found in the sue and be sued provision in the PCA enabling legislation does not waive all sovereign immunity protections. Sparkman, 703 F.2d at 1101. We note on the other hand, however, that sue and be sued provisions in general should be construed to include actions sounding in tort, as well as those sounding in contract. Keifer v. Reconstruction Finance Corp. (1939), 306 U.S. 381, 395-96, 59 S.Ct. 516, 520-21, 83 L.Ed.2d 784, 792-93. Thus, under Sparkman, some sovereign immunity protection exists for PCA's, but the extent of this protection is a difficult issue to resolve.

MCPCA contends that since Sparkman makes PCA's instrumentalities in regard to sovereign immunity protection from punitive damages, they must also be instrumentalities for the purposes of the FTCA, (absent an explicit waiver). MCPCA also cites a recent United States Supreme Court opinion

5

in support of this contention. See Library of Congress v. Shaw (1986), __ U.S. __, 106 S.Ct. 2957, __ L.Ed.2d __. Shaw states that in analyzing whether Congress waived the immunity of the United States, "we must construe the waiver strictly in favor of the sovereign ... and not enlarge the waiver 'beyond what the language requires'". Shaw, 106 S.Ct. at 2963. We agree with MCPCA that Sparkman read together with the rule of construction in Shaw leads to the conclusion that PCA's should be sued for torts under the FTCA. However, in addition to Birbeck, Tookes argue that Lewis should control over Sparkman.

## II.

Tookes argue that the test as set out in Lewis on whether an entity is an instrumentality for purposes of applying the FTCA should control over the strict construction of the waiver of sovereign immunity as it appears in Sparkman. The critical element of the test set out in Lewis for finding the FTCA applicable is the existence of federal government control over the entity's detailed physical performance and day to day operation. Lewis, 680 F.2d at 1240. Other factors include: whether the entity is an independent corporation; whether the government is involved in the entity's finances; and whether the mission of the entity furthers the policy of the United States. Lewis, 680 F.2d at 1240-41. Weighing these factors the Court in Lewis held that the federal reserve banks are not instrumentalities under the FTCA. Tookes argue a similar result should be reached here.

Sparkman distinguishes the current case from Lewis. Lewis emphasizes the lack of federal control in the operations of the federal reserve banks, Lewis, 680 F.2d at 1241, while Sparkman emphasizes pervasive federal involvement in PCA's. Sparkman, 703 F.2d at 1101. Lewis also cites the

sue and be sued provision in the federal reserve bank's authorizing legislation to support the proposition that the FTCA does not apply to federal reserve banks. Lewis, 680 F.2d at 1242. This treatment of sue and be sued provisions runs contra to Sparkman's analysis of the PCA sue and be sued provision. Sparkman, 703 F.2d at 1101. Furthermore, the United States Supreme Court's decision in Shaw requires specificity in sovereign immunity waivers. Shaw, 106 S.Ct. at 2963. The Lewis analysis lacks adequate consideration of this rule of construction. Thus, we hold that absent a specific exclusion, PCA's should be treated as instrumentalities for purposes of the FTCA.

                              III.

Tookes argue that a specific exclusion for PCA's exists. In 1959 Congress excluded from coverage under the FTCA any claim arising from the activities of a federal land bank, a federal intermediate credit bank, or a bank for cooperatives. 28 U.S.C. § 2680(n) (1982). This exclusion has been interpreted to encompass PCA's. Sterrett v. Milk River Production Association (D.Mont. 1986), 647 F.Supp. 299.

We must give due regard to decisions of the federal Circuit Courts of Appeals and the federal District Courts. United States ex rel. Lawrence v. Woods (7th Cir. 1970), 432 F.2d 1072, 1075. However, the decisions of these courts do not control our decisions on issues of federal law. Lawrence, 432 F.2d at 1075.

We conclude that Sterrett's analysis of the exemption in 28 U.S.C. § 2680(n) is incorrect. The exemption fails to mention PCA's. The legislative history also lacks any mention of PCA's in regard to exemption from the FTCA. H.R. Rep. No. 287, 86th Cong., 1st Sess. 9, reprinted in 1959 U.S. Code Cong. & Ad. News 2123, 2131. And in other parts of the history, PCA's are dealt with separately. H.R. Rep. No. 287,

7

86th Cong., 1st Sess. 4-5, reprinted in 1959 U.S. Code Cong. & Ad. News 2123, 2126. Furthermore, even if PCA's were included in the exemption provided by 28 U.S.C. § 2680(n), it does not necessarily follow that they may be sued for torts in state or federal court. See Kolb v. Naylor (N.D.Iowa 1987), 658 F.Supp. 520, 526 (exception from FTCA under 28 U.S.C. § 2680(n) means that no waiver of sovereign immunity for tort claims exists for components of the farm credit system which are included in the exemption).

We hold that the lack of a specific exemption resolves this issue in favor of MCPCA. Under Shaw, we are bound to strictly construe waivers of sovereign immunity. Shaw, 106 S.Ct. at 2963. Sterret's expansion of the waiver to include PCA's in the specifically exempted components of the farm credit system cannot be reconciled with Shaw's mandate that the waiver not be enlarged beyond what its language requires. Congress could have mentioned PCA's in the exemption provided for federal land banks, federal intermediate credit banks, and banks of cooperatives. It did not, and we decline to expand the waiver and interpret it as was done in Sterret.

In regard to Tookes' motion for judgment, we agree with MCPCA's contention that subject matter jurisdiction cannot be conferred by consent, and we deny the motion. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

William E. Hunt

Fred J. Weber

R. C. Gulbrandson,

John C. Sheehy
_____
Justices