## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 93-3658
_____


LOR, INC.,

Plaintiff-Appellant,

versus

SEUMAS IAIN COWLEY, as representative of those certain
UNDERWRITERS AT LLOYD'S, LONDON, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____
(July 22, 1994)

Before JOHNSON, BARKSDALE, AND DeMOSS, Circuit Judges:

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is whether the punitive damages exclusion in the policy by certain Underwriters at Lloyd's precludes coverage for their insured, Lor, Inc., for its liability under the Alabama Wrongful Death Act, for which the only recoverable damages have been judicially interpreted to be punitive. Because those damages are not punitive as that term is generally understood, the exclusion is not applicable. We **REVERSE** and **RENDER**.

I.

In December 1989, Lor obtained an excess insurance policy from Underwriters, containing an exclusion for punitive damages. Several months later, an employee of a Lor operating division was

involved in an automobile accident in Alabama, resulting in the death of Brenda May.

May's estate filed an action against Lor and the employee under the Alabama Wrongful Death Act, Ala. Code § 6-5-410 (1975), with the claims sounding in negligence. There was no claim of any wanton, willful, or intentional conduct, nor was there a request for punitive damages. But, Underwriters denied coverage on the basis that the action allowed only excluded punitive damages.

Lor settled with the May estate for $1.75 million dollars, of which $1 million was paid by its primary insurer. Lor sought a declaratory judgment that the loss was covered by the policy.[1] On cross motions for summary judgment, judgment was awarded Underwriters.

## II.

We review a summary judgment *de novo*, applying the same standard as the district court. *E.g.*, **Waltman v. International Paper Co.**, 875 F.2d 468, 474 (5th Cir. 1989). Summary judgment is appropriate if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In this instance, no material fact issue exists; we are presented solely with an issue of law.

That issue is prompted by the fact that Alabama's Wrongful Death Act, the sole remedy available to the May estate, has been interpreted to permit only punitive damages, even though the Act

---

[1]    This action was filed in the Northern District of Alabama and transferred to the Eastern District of Louisiana.

does not refer to them.  *See, e.g., **Killough v. Jahandarfard***, 578 So. 2d 1041, 1044 (Ala. 1991).  As discussed in note 2, *infra*, Alabama appears to be unique in this regard.

Under Alabama law, a person injured through the fault of another may recover compensatory damages and, under certain circumstances, punitive damages.  When the May estate action was pending against Lor, however, if that person died as a result of the injuries, punitive damages under the Wrongful Death Act was the only recovery.[2]  Relying on this, Underwriters denied coverage.

---

[2]     Several months after the May estate settled with Lor, the Alabama Supreme Court reversed more than 100 years of precedent and held that a personal injury action does survive death and may be prosecuted along with a wrongful death action.  ***King v. National Spa and Pool Institute, Inc.***, 607 So. 2d 1241, 1246 (Ala. 1992) ("The fact that the injury that serves as the basis for the personal injury action later gives rise to a wrongful death claim does not extinguish the original personal injury claim.")  The court stated:

> Although Alabama's law of wrongful death is unique in the United States, the unique nature of a "punitive only" wrongful death statute can no longer extend to the deprivation of a universally recognized right to compensation.  This Court is aware of no other jurisdiction in the United States where there is no right to recover for personal injuries that result in death.  That is, whether by statute or by judicially recognized tort law, the appropriate party may recover compensation for personal injuries that cause death in every other American jurisdiction.  We will no longer stand alone on this point.

*Id.* at 1247.  ***King*** held also that, because the Act "provides for punitive damages for the act causing death, it also displaces any claim for punitive damages in the personal injury action based on the same act."  *Id.* at 1248.

Because the May estate had already settled, it was not affected by the reversal in ***King***.  Therefore, the issue before us is addressed only in relation to the pre-***King*** wrongful death recovery.

Subject, *inter alia*, to its exclusions, the policy provided coverage to Lor for its "operations anywhere in the World, for ... the liability imposed upon [Lor] by law ... which arises" from bodily injury, among other things. The relevant exclusion was for "fines, penalties, punitive damages, exemplary damages, or any additional damages resulting from the multiplication of compensatory damages". Punitive damages were not defined by the policy.

The parties agree that Louisiana law controls our construction of the policy.[3]

> An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the [Louisiana] Civil Code.... If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written.

*Crabtree v. State Farm Ins. Co.*, 632 So. 2d 736, 741 (La. 1994) (citations omitted). *See* La. Civ. Code Ann. arts. 2045-2057 (West 1987). "Interpretation of the contract is the determination of the common intent of the parties.... Intent is determined in accordance with the plain, ordinary and popular sense of the language used in the agreement." *Thomas v. Kilgore*, 537 So. 2d 828, 830 (La. App. 1989) (citations omitted). Along that line, and citing La. Civ. Code Ann. art. 2047, the Louisiana Supreme Court has noted that, "[e]xcept for technical terms, the words of a

---

[3]   The policy was issued and delivered in Louisiana; and, under the applicable choice of law provisions, Louisiana law governs interpretation. *See Industrial Chem. & Fiberglas Corp. v. North River Ins. Co.*, 908 F.2d 825, 829 n.3 (11th Cir. 1990).

contract must be given their generally understood meaning."
***Capital Bank & Trust Co. v. Equitable Life***, 542 So. 2d 494, 496
(La. 1989).[4] We need not decide whether "punitive damages" is a
"technical term". For our purposes, its "technical" definition and
"generally understood meaning" are one and the same.[5]

In determining such generally understood meaning,
Louisiana courts have looked to a variety of sources. *See, e.g.,*

---

[4] Article 2047 provides:

> The words of a contract must be given their generally prevailing meaning.
>
> Words of art and technical terms must be given their technical meaning when the contract involves a technical matter.

La. Civ. Code Ann. art. 2047 (West 1987).

[5] Underwriters asserts, however, that the issue at hand is controlled by the designation that Alabama has given to damages under its Wrongful Death Act. But, Alabama's interpretation does not automatically define the same terms used in a private insurance contract. It is undisputed that the damages under the Act are called punitive, but our task is to determine, regardless of nomenclature, if they are the same as punitive damages excluded under the policy. We do so by first determining the general and popular meaning of the term and then comparing it to Alabama's definition.

Underwriters contends also that ***Painter v. Tennessee Valley Authority***, 476 F.2d 943 (5th Cir. 1973) controls; it concerned whether Alabama wrongful death damages were recoverable against the Tennessee Valley Authority, in light of the fact that "Congress has made no provisions allowing suit against it for punitive damages." ***Id.*** at 944. There, our court was interpreting a waiver of sovereign immunity, not a private insurance contract; it goes without saying that the rules governing our interpretation differ greatly. "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." ***United States v. Mitchell***, 445 U.S. 535, 538 (1980) (internal quotation marks and citation omitted). In contrast, when interpreting the policy, as noted above, we are bound by Louisiana law and must look for the generally understood meaning of the policy's language.

*Central Louisiana Elec. Co., Inc. v. Westinghouse Elec. Corp.*, 579 So. 2d 981, 986 (La. 1991) (*Webster's Third New International Dictionary*); *Capital Bank & Trust*, 542 So. 2d at 497, n.9 (*Webster's Third New International Dictionary*); *Tracy v. Travelers Ins. Cos.*, 594 So. 2d 541, 544 (La. App. 1992) (*Webster's Third New International Dictionary* and *Black's Law Dictionary*). *See also Loeblich v. Garnier,* 113 So. 2d 95, 103 (La. App. 1959) (using definition of punitive/exemplary damages in *Black's Law Dictionary* in determining availability of punitive damages under certain circumstances under Louisiana law).

*The Random House Dictionary* 499 (1981) defines punitive (exemplary) damages as "damages awarded to a plaintiff in excess of due compensation for his injury to punish the defendant for wanton or reckless behavior causing the injury." *Black's Law Dictionary* provides:

> Exemplary damages are damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, *where the wrong done to him was aggravated by circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct* on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame, degradation, or other aggravations of the original wrong, or else to punish the defendant for his evil behavior or to make an example of him, for which reason they are also called "punitive" or "punitory" damages or "vindictive" damages. Unlike compensatory or actual damages, punitive or exemplary damages are based upon an entirely different public policy consideration -- that of punishing the defendant or of setting an example for similar wrongdoers, as above noted. In cases in which it is proved that a defendant has acted willfully, maliciously, or fraudulently, a plaintiff may be awarded exemplary damages in addition to compensatory or actual

damages. Damages other than compensatory damages which may be awarded against [a] person to punish him for outrageous conduct. *Wetherbee v. United Ins. Co. of America*, 18 C.A.3d 266, 95 Cal. Rptr. 678, 680. Such are given as an enhancement of compensatory damages because of wanton, reckless, malicious or oppressive character of acts complained of. *Cape Publications, Inc. v. Bridges*, Fla. App. 387 So. 2d 436, 440.

*Black's Law Dictionary* 390-91 (6th ed. 1991) (emphasis added). Other definitions include "damages awarded in excess of normal compensation to the plaintiff to punish a defendant for a serious wrong", *Webster's Ninth New Collegiate Dictionary* 955 (1990); and "damages awarded in excess of compensatory damages or nominal damages to punish a defendant for a gross wrong", *Webster's Third New International Dictionary* 1843 (1986).

While each of these definitions differs in some respect, they all provide that punitive damages are available upon proof of something more than mere negligence, such as wanton or reckless behavior or outrageous conduct.[6] We need not determine conclusively all of the elements of the generally understood meaning of punitive damages. For purposes of this decision, we need note only that there is no support in any of these authorities for the position that, as generally understood, punitive damages

---

[6] This distinction is also consistent with Louisiana Code provisions for the recovery of punitive damages. *See* La. Civ. Code Ann. art. 2315.4 (Supp. West 1994)(exemplary damages may be awarded upon proof that injuries caused by "wanton or reckless disregard" for rights and safety of others by intoxicated defendant); La. Civ. Code Ann. art 2315.3 (Supp. West 1994) (exemplary damages may be awarded upon proof that injuries caused by wanton or reckless disregard for public safety).

are recoverable for simple negligence.[7]  Therefore, applying the Louisiana rules of construction, "punitive damages" as used in the policy means damages recoverable upon proof of more than negligence.

Damages recoverable under the Alabama Wrongful Death Act do not satisfy this definition.  The Act provides that "[a] personal representative may commence an action and recover such damages as the jury may assess ... *for the wrongful act, omission, or negligence* of any person...."  Ala. Code §6-5-410 (emphasis added).  The Alabama Supreme Court has held that the Act is designed "to punish negligent, wanton or intentional acts" causing death.  **Lankford v. Mong**, 214 So. 2d 301, 302 (Ala. 1968).  *See also* **Hanna v. Riggs**, 333 So. 2d 563, 566 (Ala. 1976) (gravamen of action is "wrongful act, omission or negligence" (internal quotation marks and citation omitted)).  Therefore, "punitive" damages, as that term is used in relation to the Act, can be recovered, *inter alia*, upon proof of simple negligence.  Significantly, the damages sought by the May estate were based solely on negligence.

---

[7]     Underwriters urges that the references to punitive damages in the policy and interpretation given damages under the Alabama Wrongful Death Act are the same, because they are both non-compensatory and are intended to punish, as discussed *infra*.  Indeed, punitive damages are designed to punish; but the distinctive characteristic of punitive damages in their general and popular meaning is that they are intended to punish *a particular quality of conduct* -- conduct that is more than negligence.  Likewise, the fact that particular damages are not "compensatory" does not alone render them punitive.

## III.

In sum, the policy excludes coverage for punitive damages, which, as generally understood, are damages recoverable upon a showing of something more than negligence. Punitive damages under the Alabama Wrongful Death Act and the generally understood meaning of punitive damages clearly share some common characteristics; both are designed to punish. They are genuinely dissimilar, however, with regard to the conduct to which they are applicable; this difference is decisive. Accordingly, because the policy provides coverage, the district court erred in granting summary judgment in favor of Underwriters, and denying it for Lor. Therefore, the judgment is **REVERSED,** judgment is **RENDERED** for Lor, Inc., and this case is **REMANDED** for further proceedings consistent with this opinion.

**REVERSED, RENDERED, AND REMANDED**