**John Bentley YANCEY, Appellant,**

v.

**Jacquetta ALEXANDER, Pulaski County Circuit Court Clerk, Little Rock, Arkansas, Appellee.**

No. 83–2268.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1983.

Decided Dec. 30, 1983.

John Bentley Yancey, pro se.

Tom Forest Lovett, P.A., Mel Sayes, Little Rock, Ark., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

John Bentley Yancey, an Arkansas state prisoner incarcerated at the Moberly Training Center for Men in Missouri pursuant to the Interstate Corrections Compact, appeals pro se from the district court's [1] dismissal of his section 1983 action. We affirm.

In April 1983, Yancey requested documents regarding his 1978 murder conviction from the Circuit Court Clerk of Pulaski County, Arkansas. The clerk's office responded to Yancey on April 7, 1983, that it had no record of charges filed against him and it was unable to locate any records under his name. On April 19, 1983, Yancey filed pro se a petition for writ of habeas corpus in the United States District Court for the Western District of Missouri. He

**1.** The Honorable William Ray Overton, United States District Judge for the Eastern District of Arkansas.

alleged his confinement was unlawful because no records supported his conviction and sentence. The Missouri district court subsequently obtained certified copies of records of Yancey's conviction and sentence from the clerk's office and forwarded them to Yancey along with an order dated June 1, 1983, dismissing the petition as frivolous.

On June 22, 1983, Yancey filed this section 1983 action in the Eastern District of Arkansas against Jacquetta Alexander, individually and in her official capacity as clerk of the Pulaski County Circuit Court. The complaint alleged that defendant had failed to produce for Yancey documents he needed for a habeas corpus petition challenging the trial court's jurisdiction. The complaint further asserted that the documents sent to the Western District of Missouri were not copies of the original complete legal file which Yancey had initially requested from defendant's office. Alleging that defendant's loss of his records denied him access to the courts, Yancey requested $1,000,000 compensatory and $2,000,000 punitive damages.

In dismissing Yancey's complaint, the district court found that defendant was entitled to qualified, if not absolute, immunity in the absence of any allegation of bad faith on her part. The court further found that defendant's office later located Yancey's file and sent it to the Western District of Missouri, which based its decision on that information, and thus Yancey was given access to the courts and due process of law and was not injured by defendant's action.

Although this court views pro se pleadings liberally, the pleadings may not be merely conclusory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir.1980). Yancey's allegations of a constitutional violation are unsupported by sufficient facts to identify the nature of his alleged injury. Yancey knew he was in fact convicted and sentenced in Pulaski County, so he can hardly maintain that he relied upon the truth of the statement of the Clerk's office that he had no criminal file in that county. Further, the record gives no indication that Yancey ever attempted to file any action in the Arkansas state courts. We need not pass on the issue of defendant's immunity because we agree with the district court that Yancey failed to allege the requisite injury from defendant's actions.

Accordingly, we affirm the dismissal of Yancey's section 1983 action.