**Bayard BREKKE and Donna Brekke, husband and wife, Plaintiffs,**

v.

**Paul VOLCKER, Chairman of the Federal Reserve Board, Donald E. Wilkinson, Governor Farm Credit Administration, Federal Land Bank of Spokane, Kenneth Krueger, President Federal Land Bank of Spokane, Federal Land Bank Association of Sidney; and Maurice Sandmeyer, President Federal Land Bank Association of Sidney, Defendants.**

**No. CV–86–124–GF.**

United States District Court, D. Montana, Great Falls Division.

Feb. 3, 1987.

Bayard and Donna Brekke, pro se.

Floyd D. Corder, Alexander & Baucus, Great Falls, Mont., for non-federal defendants.

George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for federal defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiffs Bayard and Donna Brekke instituted this action against numerous defendants, alleging violations of a wide variety of state and federal statutes and duties. Primarily the plaintiffs seek relief for the defendants' failure to comply with the Farm Credit Act, 12 U.S.C. §§ 2001, *et seq.* and the Truth-in-Lending Act, 15 U.S.C. §§ 1601, *et seq.*

The defendants named in the plaintiffs' complaint are Paul Volcker, Chairman of the Federal Reserve Board, and Donald E. Wilkinson, Governor of the Farm Credit Administration (hereinafter collectively referred to as "federal defendants"), the Fed-

eral Land Bank of Spokane and its president, Kenneth Krueger, and the Federal Land Bank Association of Sidney and its president, Maurice Sandmeyer (the "non-federal defendants").

On January 8, 1987, this court granted the federal defendants' motion to dismiss. This matter is currently before the court on the non-federal defendants' motion to dismiss. The non-federal defendants have moved the court for an order dismissing this action based on the following: (1) the Federal Land Banks, as federally chartered instrumentalities of the United States, are immune from tort actions except as permitted by the Federal Tort Claims Act; (2) the plaintiffs lack standing to sue the non-federal defendants;[1] and (3) the plaintiffs have failed to state a claim against the non-federal defendants under any statute or constitutional provision. After careful consideration, the court is prepared to rule.

■ The defendants contend the Federal Land Banks are immune from tort actions except as permitted by the Federal Tort Claims Act. This court disagrees. In a recent decision, *Sterrett v. Milk River Production Credit Association*, 647 F.Supp. 299 (D.Mont.1986), this court held the Federal Tort Claims Act was inapplicable to tort actions against those corporate entities comprising the Farm Credit System, making them liable in tort to the same extent as any private entity. Therefore, in the instant case, the defendants are not immune from the tort claims raised in plaintiffs' complaint.

The plaintiffs have pled a number of claims for relief founded upon federal statutes and duties. The defendants contend the plaintiffs' complaint fails to state any claim upon which relief can be granted.[2]

---

**1.** The court will not address this issue in that it finds the remaining issues to be dispositive.

**2.** In testing the sufficiency of a complaint under Rule 12(b)(6), the well pleaded allegations of the complaint must be taken as admitted. *Wilson v. Lincoln Redevelopment Corp.*, 488 F.2d 339, 341 (8th Cir.1973). The complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts

in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Mere conclusional allegations are not sufficient: "the complaint must allege facts which, if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir.1980). *See also, Yancey v. Alexander*, 724 F.2d 93, 94 (8th Cir.1983).

Plaintiffs' complaint essentially seeks a full-scale review of the Farm Credit System ("the System"). The Farm Credit Act, 12 U.S.C. §§ 2001, et seq., created the System to improve the "income and well-being" of American farmers and ranchers by furnishing "sound, adequate and constructive credit and closely related services" to the agricultural community. 12 U.S.C. § 2001.

Counts I, II and IV of plaintiffs' complaint allege the non-federal defendants have violated numerous sections of the Farm Credit Act. Specifically, Count I alleges the defendants "unlawfully, wrongfully and intentionally usurped powers not granted by the Farm Credit Act and misused and abused the powers granted by the Farm Credit Act." Count II alleges the defendants breached their obligation under the Act to improve farmers' income and well-being by not providing adequate credit. Finally, Count IV alleges the defendants breached a fiduciary duty arising out of the Act.

In order for the plaintiffs to state a claim under the Farm Credit Act, it must first be determined whether the Farm Credit Act permits private causes of action to enforce the provisions of the Act. The Farm Credit Act, however, does not contain an express provision granting such a right. See, Smith v. Russellville Production Credit Association, 777 F.2d 1544, 1548 (11th Cir. 1985); Spring Water Dairy, Inc. v. Federal Intermediate Credit Bank of St. Paul, 625 F.Supp. 713, 717 (D.Minn.1986). Furthermore, a number of courts have declined to recognize an implied right of action exists under the Farm Credit Act. See, Spring Water Dairy, Inc., supra, 625 F.Supp. 713, 720; Bowling v. Block, 602 F.Supp. 667, 670 (S.D.Ohio 1985), affirmed, 785 F.2d 556, 557 (6th Cir.1986).

■ After careful consideration, this court adopts the reasoning in the above-cited decisions and concludes the plaintiffs cannot assert a private cause of action against the non-federal defendants under the Farm Credit Act or its regulations. Thus, the court will dismiss plaintiffs' claims based on violations of the Farm Credit Act, specifically Counts I, II and IV of their complaint, for failure to state a claim upon which relief can be granted.

The second federal cause of action which plaintiffs assert against the non-federal defendants concerns the federal Truth-in-Lending Act ("TILA"). Specifically, plaintiffs allege the defendants violated Regulation Z, which was designed to "... promote the informed use of consumer credit by requiring disclosure about its terms and cost." 12 C.F.R. § 226.1(b). Plaintiffs assert the non-federal defendants failed to make the required disclosures.

■ Count VIII of plaintiffs' complaint alleges they were involved in "consumer credit transactions with certain defendants." The TILA, however, excludes many types of credit transactions from its coverage, including certain "consumer credit transactions." See, 15 U.S.C. § 1603(3). Plaintiffs have failed to allege facts from which the court could conclude the TILA is applicable. See, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In order to state a claim for relief under the TILA, plaintiffs must be more specific regarding the credit transactions at issue. Plaintiffs are free to amend their complaint to allege additional facts which may indicate TILA violations. As it now stands, however, Count VIII of plaintiffs' complaint fails to state a claim under the TILA.

■ Count XIII of plaintiffs' complaint attempts to state a claim under federal civil rights statutes, specifically, 42 U.S.C. §§ 1983 and 1985. Two elements are necessary to establish a cause of action under those sections: (1) the conduct complained of was engaged under color of state law, and (2) the conduct subjected the plaintiffs to the deprivation of rights, privileges, and immunities secured by the Constitution of the United States. Williams v. Gorton, 529 F.2d 668, 670 (9th Cir.1976); citing Marshall v. Sawyer, 301 F.2d 639, 649 (9th Cir.1962).

■ In the instant case, the required elements have not been met. Plaintiffs have failed to adequately allege that the defend-

ants were acting under color of state law. Furthermore, the allegations in their complaint as to deprivation of constitutional rights are simply vague and conclusory. Therefore, Count XIII fails to state a claim upon which relief can be granted and should be dismissed. *See, Williams v. Gorton, supra*, 529 F.2d 668.

■ Counts VII and XIV attempt to state a claim under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* RICO provides a private civil action to recover treble damages for injury "by reason of a violation of" its substantive provisions. 18 U.S.C. § 1964(c). To state a claim for damages under section 1964, plaintiffs must allege facts which establish, *inter alia,* that the enterprise engaged in a pattern of racketeering which affected interstate commerce. *See, Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3286, 87 L.Ed.2d 346 (1985); *Lode v. Leonardo*, 557 F.Supp. 675 (N.D.Ill.1982). The plaintiffs' complaint lacks sufficient allegations establishing the nexus between the alleged conduct of the defendants of which plaintiffs complain and interstate commerce to state a claim under section 1964. Therefore, Counts VII and XIV fail to state a claim upon which relief can be granted and should be dismissed.

■ Counts XV and XVI attempt to assert claims under the federal antitrust laws, 15 U.S.C. § 1, *et seq.* The plaintiffs allege that the extension of "special services or privileges" to borrowers other than plaintiffs and the "interlocked complete control" defendants allegedly have over the plaintiffs' business constituted a restraint of trade in violation of the federal antitrust laws. The United States Supreme Court, however, has held that where a restraint upon trade or monopolization is the result of valid governmental action, as opposed to private action, no violation of the federal antitrust laws can be made out. *Eastern Railroad President's Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136, 81 S.Ct. 523, 528, 5 L.Ed.2d 464 (1961). In the instant case, the defendants' actions stem from valid governmental regulations expressly authorized by the Federal Reserve Act and the Farm Credit Act. Therefore, the plaintiffs have failed to state a claim under the federal antitrust laws.

■ The remainder of plaintiffs' complaint sets forth a number of state law causes of action. Having determined that dismissal of the plaintiffs' federal claims is appropriate, the court, within its sound discretion, deems it appropriate to refrain from exercising its pendent jurisdiction over the plaintiffs' state law claims.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court stated: "Certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139 (footnote omitted). The Court cited *Wham–O–Manufacturing Co. v. Paradise Manufacturing Co.*, 327 F.2d 748, 752–54 (9th Cir.1964), but later decisions of the Court of Appeals for the Ninth Circuit, while approving the dismissal of state claims when the federal claims have been denied prior to trial, seem to make the exercise of pendent jurisdiction discretionary. *Schmidt v. Oakland Unified School District*, 662 F.2d 550 (9th Cir. 1981); *Sunbeam Lighting Co. v. Pacific Associated Lighting Inc.*, 328 F.2d 300 (9th Cir.1964).

Under section 27–2–407 M.C.A. (1985), as interpreted by the Supreme Court of Montana in *Cassidy v. Finley*, 173 Mont. 475, 568 P.2d 142 (1977), a party whose case is dismissed by a federal district court may, within one year thereafter, file an action in a state court notwithstanding that the limitation initially applicable had run. *See also, Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 422 (9th Cir.1981). Recognizing that dismissal of this action will not prejudice the plaintiffs in regard to the filing of a state court action, there exists no compelling reason for this court to retain jurisdiction over plaintiffs' pendent state claims.

For the reasons discussed herein, the non-federal defendants' motion to dismiss is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED in its entirety.

IT IS SO ORDERED.