In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00034-CV


______________________________




TERRY ALLEN AND WIFE BRENDA ALLEN,


INDIVIDUALLY AND AS NEXT FRIENDS OF

MATTHEW ALLEN, A MINOR, TIMOTHY ALLEN,

A MINOR AND JENNIFER ALLEN, A MINOR, Appellants


V.



A & T TRANSPORTATION COMPANY, INC., Appellee




 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. 32082




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Terry Allen and wife, Brenda Allen, individually and as next friends of Matthew Allen,
Timothy Allen, and Jennifer Allen, minor children appeal from a summary judgment in connection
with his personal injury claim rendered in favor of his employer, A & Transportation Company, Inc.
(A & T). (1) Terry Allen, a truck driver, was injured when a tanker truck he was driving went out of
control and crashed. He alleges that his employer had a duty to, and failed to, properly warn or train
him about the unexpected handling characteristics of a partially-loaded tanker truck. He alleged the
truck overturned when he made a low speed turn off an interstate highway onto an exit ramp. He
alleges that he was operating the truck at a properly low speed, but the shifting of the center of
gravity of the truck due to the movement of the liquid in the partially-loaded tank caused the truck
to overturn when it would not have done so if fully loaded. (2)

 A & T's Motion for Summary Judgment contains both "no evidence" and traditional summary
judgment language. The trial court rendered summary judgment without specifying the theories or
grounds for its decision. 

 On appeal the Allens contend only that the trial court erred by rendering summary judgment
because A & T did not meet its mandatory and nondelegable duty to warn its employees about the
hazards of their employment and to furnish a reasonably safe place to work and furnish safe
equipment with which to perform the work. 

SUMMARY JUDGMENT: STANDARD OF REVIEW

 To prevail on a motion for summary judgment, a movant must establish that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates
at least one element of each of the plaintiff's theories of recovery or pleads and conclusively
establishes each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997); Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). 

 The movant has the burden of showing that there is no genuine issue of material fact and that
it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985). However, once the movant establishes it is entitled to summary judgment, the burden
shifts to the nonmovant to show why summary judgment should not be granted. Casso v. Brand, 776
S.W.2d 551, 556 (Tex. 1989). In reviewing a summary judgment, we accept all of the nonmovant's
proof as true and indulge every reasonable inference in the nonmovant's favor. Sci. Spectrum, 941
S.W.2d at 911. All doubts about the existence of a genuine issue of a material fact must be resolved
against the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996).


NO-EVIDENCE SUMMARY JUDGMENT: STANDARD OF REVIEW

 A no-evidence summary judgment is essentially a pretrial directed verdict. We therefore
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply
in reviewing a directed verdict. McCombs v. Children's Med. Ctr. of Dallas, 1 S.W.3d 256, 258-59
(Tex. App.-Texarkana 1999, pet. denied); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.
App.-Austin 1998, no pet.). We must determine whether the nonmovant produced any evidence of
probative force to raise a fact issue on the material questions presented. Woodruff v. Wright, 51
S.W.3d 727, 734 (Tex. App.-Texarkana 2001, pet. denied); McCombs, 1 S.W.3d at 259; Jackson,
979 S.W.2d at 70. We consider all the evidence in the light most favorable to the party against
whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and
inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence
summary judgment is improperly granted if the nonmovant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact. Jackson, 979 S.W.2d at 70-71. More
than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions." Havner, 953 S.W.2d at 711.

 A no-evidence summary judgment motion must state the elements on which the movant
contends there is no evidence. Tex. R. Civ. P. 166a(i); De Blanc v. Jensen, 59 S.W.3d 373, 375
(Tex. App.-Houston [1st Dist.] 2001, no pet. h.); Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129,
142 (Tex. App.-Texarkana 2000, no pet.). (3)

GENERAL STANDARD FOR NEGLIGENCE

 In order to recover on a negligence claim, a plaintiff must establish (1) a legal duty owed by
the defendant to the plaintiff to protect the latter against injury; (2) a breach of that duty; and (3)
damages proximately resulting from the breach. Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex.
1998); El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). Duty is the threshold inquiry;
a plaintiff must prove the existence and violation of a duty owed to him by the defendant to establish
liability in tort. Praesel, 967 S.W.2d at 394; El Chico Corp., 732 S.W.2d at 311. The existence of
a legal duty is a question of law unless the facts giving rise to the duty are disputed. Praesel, 967
S.W.2d at 394. (4)

QUESTION OF JUDICIAL ADMISSIONS

 A & T contends Terry Allen made judicial admissions in his deposition by stating he was not
complaining he was inadequately or improperly trained and stating he believed he had adequate and
sufficient training to operate the truck when exiting from a highway. This argument is not
compelling. Even if we assumed the admissions were indeed judicial in nature and therefore
binding, Terry Allen could quite accurately state that his training in the operation of the truck was
adequate or that he needed no training in operating the truck, but leave open the possibility that he
might be unaware of other factors unique to this type of tanker truck. We do not find that
Terry Allen's testimony constitutes a judicial admission.

DUTY TO ADEQUATELY HIRE, TRAIN, AND SUPERVISE

 An employer has a duty to adequately hire, train, and supervise employees. The negligent
performance of those duties may impose liability on an employer if the complainant's injuries result
from the employer's failure to take reasonable precautions to protect the complainant from the
misconduct of its employees. Castillo v. Gared, Inc., 1 S.W.3d 781, 786 (Tex. App.-Houston [1st
Dist.] 1999, pet. denied); Mackey v. U.P. Enters., Inc., 935 S.W.2d 446, 459 (Tex. App.-Tyler 1996,
no writ). Although an employer is not an insurer of its employees' safety at work, it has a duty to use
ordinary care in providing a safe workplace. See Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex.
1996). This includes providing rules and regulations for the safety of employees, warning employees
of the hazards of their employment, and supervising their activities. Farley v. M M Cattle Co., 529
S.W.2d 751, 754 (Tex. 1975). Farley also states that the age and experience of the employee should
be considered in measuring the duty of the employer. Id. at 754.

 As an offshoot of this duty, the employer is also required to instruct employees in the safe
use and handling of products and equipment used in and around an employer's premises or facilities. 
Brookshire Bros., Inc. v. Lewis, 997 S.W.2d 908, 916 (Tex. App.-Beaumont 1999, pet. denied); see
Cabrera v. Delta Brands, Inc., 538 S.W.2d 795, 797 (Tex. Civ. App.-Texarkana 1976, writ ref'd
n.r.e.). However, there is also authority stating an employer has no duty to adopt safety rules where
its business is neither complex nor hazardous or where the dangers incident to the work are obvious
or are of common knowledge and fully understood by the employee. See Sloan v. Leger Mill Co.,
161 S.W.2d 333, 335-36 (Tex. Civ. App.-Amarillo 1942, writ ref'd w.o.m.). 

 The duty to warn or caution an employee of a danger arises when: (a) the employment is of
a dangerous character requiring skill and caution for its safe and proper discharge, and (b) the
employer is aware of the danger and has reason to know the employee is unaware of the danger. 
Lopez v. Ely, 302 S.W.2d 957, 959 (Tex. Civ. App.-Austin 1957, no writ). However, an employer's
duty to instruct applies to an inexperienced employee, but not to one who is experienced in the work
he is assigned. Farley, 529 S.W.2d at 754; W.E. Grace Mfg. Co. v. Arp, 311 S.W.2d 278, 281 (Tex.
Civ. App.-Dallas 1958, writ ref'd n.r.e.). (5) 


AS APPLIED TO THIS CASE

 The summary judgment does not specify the ground on which summary judgment was
rendered and also does not specify whether it was rendered on the no-evidence motion or on the
standard summary judgment motion. We will review the evidence accordingly. 

 Terry Allen was a licensed truck driver with nine years' experience. The record shows he had
several years of experience driving tanker trucks for other employers. The record also shows that
he was hired because of his licensing and prior experience and that he was expected to have a
substantial level of competence because of those factors. 

 Terry Allen contends that despite his prior experience, his employer had a nondelegable duty
to warn him about the driving characteristics of liquid-filled tanker trucks when they are not fully
loaded. He has directed this court to no authority suggesting that when a company hires an
individual who is experienced in a trade, they are then expected to train those people in that trade. 
Indeed, the cases cited above indicate the contrary. The summary judgment evidence shows that
drivers of tanker trucks are aware of such characteristics and those characteristics are part of the
standard operation of this type of vehicle. (6) 

 However, the record also shows that one of the types of tanker trucks Terry Allen had driven
before-a water tanker-had baffles in the tank and he never had any incidents with that type of truck. 
Terry Allen's deposition reflects he also drove a "bobtail water tanker" for a different employer and
he had completed classroom time before he was allowed to drive those trucks. At oral argument, the
Allens' counsel argued that milk trucks have no baffles; thus, they behave differently than water
trucks. However, he has not directed this court to any summary judgment proof showing whether
the milk tanker in question contained baffles or showing that the liquid tanker truck behaved
differently from the tanker trucks Terry Allen was experienced in driving. (7)

 During that same portion of the deposition, Terry Allen explained that the difference between
a dry box and a water tanker was that the liquid moved within the tank and that a driver had to be
more careful with a liquid load. The Allens allege that this movement of the liquid within the tank
was a cause of the accident. This is not a situation where some unexpected or unusual danger existed
about which the employer had knowledge and the employee did not. 

 The summary judgment proof provides no evidence of facts that are necessary in order to
support a conclusion that a duty existed in this case. Accordingly, we conclude that under a
traditional summary judgment analysis, the defendant negated one necessary element (duty) of the
Allens' theories of recovery. Under these facts the undisputed evidence does not support a
conclusion that A & T had a duty to instruct Terry Allen in his chosen trade.



 The summary judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: December 5, 2001

Date Decided: February 22, 2002


Publish
1. There were a number of other defendants in the original lawsuit. They were severed from
this cause to provide finality and to make this judgment appealable.
2. A & T Transportation Company, Inc. did not carry workers' compensation insurance.
3. A & T argues on appeal there is no evidence the partial load in this case was a causal factor
in the accident. That argument is not contained within the motion, and we may therefore not
consider it on appeal. Tex. R. Civ. P. 166a(i).
4. Whether there exists a duty to warn or instruct is a question of law for the court to
determine. Bristol-Myers Co. v. Gonzales, 561 S.W.2d 801 (Tex. 1978); Holby Valve Co. v. Holiday
Inn-Galveston, 783 S.W.2d 628, 632 (Tex. App.-Houston [14th Dist.] 1989, no writ); Munoz v. Gulf
Oil Co., 732 S.W.2d 62 (Tex. App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.).
5. Holding that 


 Ordinarily there is no duty on the part of an employer to instruct an employee
who is experienced in the line of work to which he is assigned, or in the use of a
machine with which he is familiar. But in the case of an employee who is known by
the employer to be inexperienced in the type of work to which he is assigned, or in
the use of a dangerous machine, there is a duty on the part of the employer to instruct
the employee.


W.E. Grace Mfg. Co. v. Arp, 311 S.W.2d 278, 281 (Tex. Civ. App.-Dallas 1958, writ ref'd n.r.e.).
6. An affidavit by Terry Allen appears in the record about his lack of knowledge of the
characteristics of tanker trucks, but it was not part of the summary judgment proof and was prepared
after the judgment as an attachment to his Motion for New Trial.
7. Terry Allen stated in his deposition that the milk trailer would carry around 55,000 pounds
of liquid and that he had loaded over 40,000 pounds before the accident.



 v. Team Bank, 788 S.W.2d 182,
184-85 (Tex. App.-Dallas 1990, no writ); and Johnson v. Nasworthy, 16 S.W. 758, 759-60,
4 Willson 164 (Tex. Ct. App. 1890), for the proposition that a principal obligor under a
contract may not act as his or her own guarantor.

 However, the Bank sued the Breckenridges generally under the note, thereby suing
them in both capacities, as makers and guarantors. The Breckenridges failed to file a
verified denial that they were liable under the note in their capacity as guarantors. See
Tex. R. Civ. P. 93. Failure to verifiably deny liability in a capacity in which a party is sued
waives the right to complain on appeal that such party is not liable in that capacity. Werner
v. Colwell, 909 S.W.2d 866, 870 (Tex. 1995). By failing to file a verified denial that they
were liable in the capacity of guarantors, the Breckenridges waived their complaint on
appeal that they cannot be liable in that capacity.

 In their third point of error, the Appellants contend the trial court erred in finding the
Bank did not violate the Truth-in-Lending Act. The Appellants complained the trial court
failed to file additional findings of fact and conclusions of law in response to their properly
and timely requested additional findings of fact and conclusions of law on the elements of
the Truth-in-Lending Act. We found the trial court should have filed these additional
findings of fact and conclusions of law, and abated the case to the trial court to make the
requested findings. The trial court filed these additional findings of fact and conclusions
of law, and we requested supplemental briefing from the parties as to these findings. 

 The Appellants contend the trial court erred in finding the federal Truth-in-Lending
Act does not apply to this case as a matter of law. The trial court held the contract
evidences a transaction that is an "exempted transaction" as defined by Section 1603 of
the Truth-in-Lending Act. (3) The Truth-in-Lending Act does not apply to "[c]redit
transactions, other than those in which a security interest is or will be acquired in real
property, or in personal property used or expected to be used as the principal dwelling of
the consumer, in which the total amount financed exceeds $25,000." 15 U.S.C.A.
§ 1603(3) (West 1998). The Appellants contend the trial court erred in holding the
transaction was exempt because the Bank has waived this defense by failing to plead it
before trial.

 The Appellants contend the exemption to the statute is like an affirmative defense
that is waived if not affirmatively pled. However, the burden to show that the transaction
falls within the Truth-in-Lending Act is on the Appellants in this case. In order to establish
the creditor's liability under the Truth-in-Lending Act, the complaining party must show that
the disputed transaction is the type of transaction covered by the Act. Katz v. Carte
Blanche Corp., 496 F.2d 747, 751 (3d Cir. 1974); Gambosi v. Carteret Mortgage Corp., 894
F. Supp. 176, 180 (E.D. Penn. 1995), aff'd without opinion, 91 F.3d 123 (3rd Cir. 1996)
(plaintiff bears burden of showing a disputed transaction is covered by Truth-in-Lending
Act); Brekke v. Volcker, 652 F. Supp. 651, 654 (D. Mont. 1987) (plaintiffs failed to allege
facts from which court could conclude Truth-in-Lending Act was applicable); McDonnell
v. Von Felt, 604 N.W.2d 305 (Wis. Ct. App. 1999). "[J]urisdiction depends upon an
extension of credit, wherein the underlying transaction qualifies as a consumer credit
transaction and not one for 'business or commercial purposes.'" Gerasta v. Hibernia Nat'l
Bank, 411 F. Supp. 176, 185 (E.D. La. 1975), aff'd in part & rev'd in part on other grounds,
575 F.2d 580 (5th Cir. 1978); see 15 U.S.C.A. §§ 1601, 1602(h). 

 The Appellants point to United States v. First City Nat'l Bank, 386 U.S. 361, 366, 87
S.Ct. 1088, 18 L.Ed.2d 151 (1967), and Fed. Trade Comm'n v. Morton Salt Co., 334 U.S.
37, 44-45, 68 S.Ct. 822, 92 L.Ed. 1196 (1948), in support of their contention the Bank had
the burden of proof to show this transaction was exempt under the statute. These cases
hold that the general rule is the party who claims the benefits of an exception to the
prohibition of a statute bears the burden of proof. First City Nat'l Bank, 386 U.S. at 366;
Morton Salt Co., 334 U.S. at 44-45. Both of these cases dealt with situations where the
actions of the defendants were generally prohibited by law. First City National Bank
involved the merger of two banks and whether they were exempt from prohibitions of
merging under antitrust laws via an exemption. This is not a case in the Truth-in-Lending
Act. As the more recent decision from the Third Circuit holds, the burden is on the plaintiff
alleging violation of the Truth-in-Lending Act to show that the transaction is the type
covered by the Act. Katz, 496 F.2d at 751. The court found the amount financed exceeds
$25,000.00; the contract relates to personal property, not real property; and the
Breckenridges affirmatively represented that the mobile home acquired was not to be their
principal dwelling. The evidence proves the transaction qualifies as an exempt transaction
under Section 1603(3).

 In their motion for rehearing, the Appellants correctly point out that the Truth-in-Lending Act is to be construed strictly against creditors and liberally in favor of consumers. 
Inge v. Rock Fin. Corp., 281 F.3d 613, 621 (6th Cir. 2002); Fairley v. Turan-Foley Imports,
Inc., 65 F.3d 475, 477, 482 (5th Cir. 1995). In Inge, the court reversed the district court's
finding that the plaintiff had failed to state a claim by holding that the plaintiff had
sufficiently pled her cause of action and is limited to an interpretation of Section 1605(f) of
the Truth-in-Lending Act. Inge, 281 F.3d at 621-22. We find the Bank did not have to
plead the transaction's exemption as an affirmative defense and affirm the trial court's
finding regarding the Truth-in-Lending Act. Because the Appellants did not attack the
merits of the trial court's findings, we need not address whether the trial court's findings
regarding the transaction were correct.

 We affirm the judgment. 



 Donald R. Ross

 Justice


Date Submitted: February 28, 2002

Date Decided: May 1, 2002


Publish

1. See 15 U.S.C.A. § 1601, et seq. (West 1998 & Supp. 2001); Tex. Bus. & Com.
Code Ann. § 17.01, et seq. (Vernon 1987 & Supp. 2002).
2. See Buzbee v. Buzbee, 870 S.W.2d 335, 336 (Tex. App.-Waco 1994, no writ),
where the same procedure was followed.
3. The following exemptions are provided in the Act: 


 (1) Credit transactions involving extensions of credit primarily for
business, commercial, or agricultural purposes, or to government or
governmental agencies or instrumentalities, or to organizations. 


 (2) Transactions in securities or commodities accounts by a
broker-dealer registered with the Securities and Exchange Commission. 


 (3) Credit transactions, other than those in which a security interest
is or will be acquired in real property, or in personal property used or
expected to be used as the principal dwelling of the consumer, in which the
total amount financed exceeds $25,000. 


 (4) Transactions under public utility tariffs, if the Board determines
that a State regulatory body regulates the charges for the public utility
services involved, the charges for delayed payment, and any discount
allowed for early payment. 


 (5) Transactions for which the Board, by rule, determines that
coverage under this subchapter [15 U.S.C.A. § 1601, et seq.] is not
necessary to carry out the purposes of this subchapter. 


 . . . .


 (7) Loans made, insured, or guaranteed pursuant to a program
authorized by Title IV of the Higher Education Act of 1965 (20 U.S.C. 1070
et seq.).


15 U.S.C.A. § 1603 (West 1998).