In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00074-CR


______________________________




ANTONIO LAMONT JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 241st Judicial District Court


 Smith County, Texas


Trial Court No. 241-1243-07




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 During the punishment phase of Antonio Lamont Johnson's Smith County (1) trial, (2) Johnson
objected when the State called as a witness Jackie Carpenter, an employee of the Smith County
Community Supervision Department. Johnson argued to the trial court, and argues on appeal, that
Carpenter's testimony should not be allowed because--although Johnson had requested, and the trial
court had ordered, that the State disclose the names and addresses of each witness the State intended
to call--Carpenter's name appeared nowhere on any State notices to Johnson. (3)

 Concluding that the trial court did not abuse its discretion by permitting Carpenter to testify,
we overrule that sole point of error on appeal and affirm the trial court's judgment.

 When requested by a criminal defendant, and when ordered to do so by the trial court, the
State must provide the defense with a list of the State's witnesses. Stoker v. State, 788 S.W.2d 1, 15
(Tex. Crim. App. 1989); Young v. State, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977). In the absence
of such ordered disclosure, our standard of review is whether the trial court abused its discretion in
allowing such a witness to testify. Stoker, 788 S.W.2d at 15 (citing Bridge v. State, 726 S.W.2d 558,
566 (Tex. Crim. App. 1986)). Two factors to be considered in determining whether the trial court
abused its discretion is to see if the record establishes bad faith on the part of the State in failing to
provide the advance witness disclosure and if the defendant could have reasonably anticipated that
the witness would testify, even without such express notice. Id. (citing Hightower v. State, 629
S.W.2d 920, 925 (Tex. Crim. App. 1981)).

 The State responded candidly to Johnson's objection, indicating that it had overlooked listing
Carpenter on the list, but argued that Johnson was not surprised and would not be prejudiced if
Carpenter were allowed to testify. The trial court agreed, stating it did not believe Johnson could
genuinely be said to be surprised that the State would call Carpenter to testify, given the fact that
Carpenter's earlier bail bond violation report had prompted the trial court to revoke and raise
Johnson's bail bond. Carpenter was then permitted to testify about Johnson's failure to abide by the
conditions of his bail bond during the pendency of the underlying charges. 

 In his brief to this Court, Johnson also candidly acknowledges that the record does not reflect
bad faith by the State in failing to include Carpenter's name on its witness list. We also identify
nothing in the record suggesting any such bad faith. Instead, the appellate record affirmatively
supports the conclusion that Johnson could have--and should have--reasonably anticipated that
Carpenter would testify, even though her name was missing from the State's list. Why? Because
Carpenter had prepared and filed the bond violation report that prompted the trial court to revoke
Johnson's bond and treble its amount. (4) Because Johnson had filed an application for community
supervision, Johnson should have anticipated Carpenter's testimony as a component of the State's
effort to show Johnson was an inappropriate candidate for community supervision. The State's
witness list also informed Johnson that it might call other, unnamed past or present employees of the
Smith County Community Supervision Department. (5) Finally, we note that Johnson did not ask the
trial court to continue the case to allow Johnson additional time to prepare for Carpenter's testimony. 
Cf. Barnes v. State, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994) (objection to undisclosed witness
overruled but no motion for continuance; harmless); Dockins v. State, 852 S.W.2d 50, 53 (Tex.
App.--Texarkana 1993, pet. ref'd).

 While it is true that Johnson did not receive from the State proper disclosure that Carpenter
would testify, this record does not support the conclusion that he was surprised by her testimony,
especially given that Johnson had violated the terms of his pretrial jail release and Carpenter was
directly involved in reporting such violation--a matter relevant to a punishment proceeding. 
Accordingly, the record before us does not show that the trial court abused its discretion by
permitting Carpenter to testify over Johnson's objection, despite the fact that the State had failed to
list Carpenter on its pretrial witness list.

 We overrule Johnson's sole point of error and affirm the trial court's judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 4, 2008

Date Decided: November 5, 2008


Do Not Publish



1. This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas
Supreme Court's docket equalization program. We are not aware of any conflict between the
precedent of the Tyler Court of Appeals and the precedent of this Court on any issue relevant in this
appeal. See Tex. R. App. P. 41.3.
2. Johnson had pled guilty to possessing more than fifty but less than 2,000 pounds of
marihuana and had sought to have a jury assess punishment. The jury assessed fifteen years'
imprisonment, and the trial court sentenced him accordingly.
3. Johnson's pretrial discovery motion included a request for the State's witness list. The trial
court formally ordered the State to provide a "written list of the names and addresses of persons
whom the State may call as a witness in their case in chief and in punishment together with a
certification as to whether or not said witnesses gave a written report or statement." On June 22,
2007, the State filed a "Felony Discovery Compliance Form" in this case. That document provided
notice to Johnson that the State might call as witnesses "David Long, Clifford Balch or any other
current or former employee of Smith County Adult Probation [Community Supervision] Services
to offer testimony at punishment stage . . . ." The State's formal witness list was also filed June 22. 
Carpenter's name appears nowhere on either document. 
4. In the record is a document, titled "Conditions of Bond." This document informed Johnson
that, if the trial court received any allegation that the accused had violated a condition of his bail
bond, the trial court had authority to revoke the accused's bond and order Johnson's re-arrest on a
new bail bond (with new conditions being set by the trial court). The bottom of the document is
signed by Johnson. Also on the document is the signature of Carpenter. 

 On November 7, 2007, Carpenter, a "Pre-Trial Supervision Officer" for Smith County, filed
the bond violation report with the trial court. That report informed the trial court that Johnson had
stopped making weekly reports to a drug testing agency located in El Paso, as was required by
Johnson's bail bond. The trial court subsequently revoked Johnson's bail bond and set a new bail
bond at $300,000.00 with new restrictions. The record in this case shows Johnson was eventually
arrested January 29, 2008, in Lucas County, Ohio. 
5. The State appears to maintain that such a generic reference to other possible witnesses does
provide the required notice to Johnson. We disagree. The applicable statute requires notice of the
name and address. See Tex. Code Crim. Proc. Ann. art. 39.14(b) (Vernon Supp. 2008). The trial
court's order in this case accordingly requires the same. While the State's generic reference to other
possible witnesses was not compliance, it was some notice to Johnson.


Arial"> Rule 11 requires, "Unless otherwise provided in these rules, no agreement between
attorneys or parties touching any suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in open court
and entered of record." The Appellants contend Rule 11 is inapplicable. They assert that
"there was no rule like Rule 11 in effect at the time the sequestration statute was amended
in 1975 (nor when the amended sequestration rule was promulgated in 1978), and thereby
no legislative intent to require agreements to postpone dissolution hearings to be in
writing." This contention is incorrect. Rule 11 of the Texas Rules of Civil Procedure
became effective on September 1, 1941. Kennedy v. Hyde, 682 S.W.2d 525, 528 (Tex.
1984); Alcantar v. Okla. Nat'l Bank, 47 S.W.3d 815, 819 n.2 (Tex. App.-Fort Worth 2001,
no pet.).

 This rule is not of recent origin, but can be traced in substantially its
present form to District Court Rule 28, adopted in 1840 under the laws of the
Republic of Texas, 1 Tex. 849, 852 (1848), and recodified as District and
County Court Rule 47 in 1877 by authority of article V, section 25 of the
Texas Constitution. See 47 Tex. 597, 625 (1877).

 

Kennedy, 682 S.W.2d at 526. "Rule 47 was amended in 1892 by adding the phrase 'or
unless it be made in open court and entered of record.' 84 Tex. 695, 715, 19 S.W. 889." 
Id. at 526 n.1. The portion of Rule 11 at issue in this case is unchanged since 1877. The
original rationale for the rule was stated cogently in Birdwell v. Cox, 18 Tex. 535, 537
(1857):

 Agreements of counsel, respecting the disposition of causes, which are
merely verbal, are very liable to be misconstrued or forgotten, and to beget
misunderstandings and controversies; and hence there is great propriety in
the rule which requires that all agreements of counsel respecting their
causes shall be in writing, and if not, the court will not enforce them. They
will then speak for themselves, and the court can judge of their import, and
proceed to act upon them with safety. The rule is a salutary one, and ought
to be adhered to whenever counsel disagree as to what has transpired
between them.


 Even if Rule 11 had not been in existence at the time the rules governing
sequestration proceedings were adopted, the Rules of Civil Procedure govern all
proceedings brought after those rules took effect September 1, 1941. Tex. R. Civ. P. 814; 
Stieler v. Stieler, 537 S.W.2d 954, 956-57 (Tex. Civ. App.-Austin 1976, writ ref'd n.r.e.)
(despite referral to effective date of September 1, 1941, Rule 814 has been applied to
subsequent amendments to rules).

 The Appellants' alternative argument that "slavish adherence" to the language of
Rule 11 is not required in all cases is correct. Kennedy, 682 S.W.2d at 529. However, we
review the trial court's adherence to such rule under an abuse of discretion standard. The
test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action; rather, it is a question of whether
the court acted without reference to any guiding rules or principles, and the mere fact that
a trial court may decide a matter within its discretionary authority differently than an
appellate court does not demonstrate such an abuse. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

 Under an abuse of discretion standard, the court of appeals cannot overrule the trial
court's decision unless the trial court acted unreasonably or in an arbitrary manner, without
reference to guiding rules or principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223,
226 (Tex. 1991). Moreover, the court of appeals cannot substitute its judgment for the trial
court's reasonable judgment even if it would have reached a contrary conclusion. Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); Beaumont Bank, N.A., 806 S.W.2d at
226. The trial court does not abuse its discretion if some evidence reasonably supports
the trial court's decision. Rugen v. Interactive Bus. Sys., 864 S.W.2d 548, 551 (Tex.
App.-Dallas 1993, no writ). 

 In this case, the trial court did not act without guiding principles. Rule 11 clearly
states the trial court is not bound by oral agreements between the parties. The trial court
was faced with a hearing clearly scheduled outside the ten-day time frame mandated by
statute, and there was no agreement in the record showing the parties agreed to the
postponement. The trial court did not abuse its discretion in applying Rule 11.

 In their second point, the Appellants complain the trial court erred in failing to file
additional findings of fact and conclusions of law in response to their properly and timely
requested additional findings of facts and conclusions of law on the elements of their
affirmative defenses. We found that the Appellants were correct and abated the case to
the trial court to make the requested findings. (2) The trial court filed these additional findings
of facts and conclusions of law, and we requested supplemental briefing from the parties
as to these findings. 

 The Appellants contend the trial court erred in finding against them on their
affirmative defenses. They contend the evidence is legally and factually insufficient to
support the trial court's findings. The Appellants pled three affirmative defenses: 
(a) presentment and demand; (b) notice of default and opportunity to cure; and (c) waiver
of timely payment. The Appellants had the burden of proof on their affirmative defenses. 
The appropriate challenge to a fact-finder's finding concerning an issue on which the
complaining party had the burden of proof is either a matter of law point or a great weight
and preponderance point. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d
264, 275-76 (Tex. App.-Amarillo 1988, writ denied).

 In reviewing matter of law points, we must examine the record for evidence that
supports the finding, ignoring any evidence to the contrary; and, if there is no evidence to
support the finding, we must then examine the entire record to determine if a contrary
proposition is established as a matter of law. Dow Chem. Co. v. Francis, 46 S.W.3d 237,
241 (Tex. 2001). In reviewing great weight and preponderance points, we must examine
the entire record to determine if there is some evidence to support the finding, and then
determine whether, in light of the entire record, the finding is manifestly unjust. Traylor v.
Goulding, 497 S.W.2d 944, 945 (Tex. 1973); In re King's Estate, 150 Tex. 662, 244 S.W.2d
660, 661 (1951).

 The Appellants contend the court erred in finding the Breckenridges waived their
right to presentment and demand by signing the retail installment contract as guarantors. 
John signed the contract as purchaser and guarantor, and Shirley signed as joint
purchaser and guarantor. The guaranty provision of the contract includes the following
language: "The undersigned consent to and waive . . . presentment, demand, protest,
notice of protest, notice of dishonor and any other conditions to the liability of the
undersigned under this guaranty." In its conclusions of law, the trial court found that the
Breckenridges waived acceptance, presentment, demand, protest, notice of protest, notice
of dishonor, and any other conditions of their liability by executing the guaranty portion of
the contract. 

 The Appellants contend that, despite the language of the guaranty provision, the
Breckenridges did not waive their right to presentment and demand. They assert that a
strict, narrow reading of the guarantor provision is required because, in the construction
of language in a contract, we ordinarily give the language its plain, grammatical meaning. 
Reilly v. Rangers Mgmt., Inc., 727 S.W.2d 527, 529 (Tex. 1987). The Appellants contend
that such a reading of the guaranty provision limits the waiver of the Breckenridges to their
role as guarantors and that there is no evidence the Breckenridges waived presentment
and demand in their capacity as makers of the contract.

 The Appellants further contend the Breckenridges may not simultaneously be
makers and guarantors. Their contention is that, because the Breckenridges are already
responsible for making payments under the contract as "Purchasers," their execution of
the guaranty section is of no effect. They cite Eubank v. First Nat'l Bank, 814 S.W.2d 130,
133-34 (Tex. App.-Corpus Christi 1991, no writ); Dann v. Team Bank, 788 S.W.2d 182,
184-85 (Tex. App.-Dallas 1990, no writ); and Johnson v. Nasworthy, 16 S.W. 758, 759-60,
4 Willson 164 (Tex. Ct. App. 1890), for the proposition that a principal obligor under a
contract may not act as his or her own guarantor.

 However, the Bank sued the Breckenridges generally under the note, thereby suing
them in both capacities, as makers and guarantors. The Breckenridges failed to file a
verified denial that they were liable under the note in their capacity as guarantors. See
Tex. R. Civ. P. 93. Failure to verifiably deny liability in a capacity in which a party is sued
waives the right to complain on appeal that such party is not liable in that capacity. Werner
v. Colwell, 909 S.W.2d 866, 870 (Tex. 1995). By failing to file a verified denial that they
were liable in the capacity of guarantors, the Breckenridges waived their complaint on
appeal that they cannot be liable in that capacity.

 In their third point of error, the Appellants contend the trial court erred in finding the
Bank did not violate the Truth-in-Lending Act. The Appellants complained the trial court
failed to file additional findings of fact and conclusions of law in response to their properly
and timely requested additional findings of fact and conclusions of law on the elements of
the Truth-in-Lending Act. We found the trial court should have filed these additional
findings of fact and conclusions of law, and abated the case to the trial court to make the
requested findings. The trial court filed these additional findings of fact and conclusions
of law, and we requested supplemental briefing from the parties as to these findings. 

 The Appellants contend the trial court erred in finding the federal Truth-in-Lending
Act does not apply to this case as a matter of law. The trial court held the contract
evidences a transaction that is an "exempted transaction" as defined by Section 1603 of
the Truth-in-Lending Act. (3) The Truth-in-Lending Act does not apply to "[c]redit
transactions, other than those in which a security interest is or will be acquired in real
property, or in personal property used or expected to be used as the principal dwelling of
the consumer, in which the total amount financed exceeds $25,000." 15 U.S.C.A.
§ 1603(3) (West 1998). The Appellants contend the trial court erred in holding the
transaction was exempt because the Bank has waived this defense by failing to plead it
before trial.

 The Appellants contend the exemption to the statute is like an affirmative defense
that is waived if not affirmatively pled. However, the burden to show that the transaction
falls within the Truth-in-Lending Act is on the Appellants in this case. In order to establish
the creditor's liability under the Truth-in-Lending Act, the complaining party must show that
the disputed transaction is the type of transaction covered by the Act. Katz v. Carte
Blanche Corp., 496 F.2d 747, 751 (3d Cir. 1974); Gambosi v. Carteret Mortgage Corp., 894
F. Supp. 176, 180 (E.D. Penn. 1995), aff'd without opinion, 91 F.3d 123 (3rd Cir. 1996)
(plaintiff bears burden of showing a disputed transaction is covered by Truth-in-Lending
Act); Brekke v. Volcker, 652 F. Supp. 651, 654 (D. Mont. 1987) (plaintiffs failed to allege
facts from which court could conclude Truth-in-Lending Act was applicable). "[J]urisdiction
depends upon an extension of credit, wherein the underlying transaction qualifies as a
consumer credit transaction and not one for 'business or commercial purposes.'" Gerasta
v. Hibernia Nat'l Bank, 411 F. Supp. 176, 185 (E.D. La. 1975), aff'd in part & rev'd in part
on other grounds, 575 F.2d 580 (5th Cir. 1978); see 15 U.S.C.A. §§ 1601, 1602(h). 

 The Appellants point to United States v. First City Nat'l Bank, 386 U.S. 361, 366, 87
S.Ct. 1088, 18 L.Ed.2d 151 (1967), and Fed. Trade Comm'n v. Morton Salt Co., 334 U.S.
37, 44-45, 68 S.Ct. 822, 92 L.Ed. 1196 (1948), in support of their contention the Bank had
the burden of proof to show this transaction was exempt under the statute. These cases
hold that the general rule is the party who claims the benefits of an exception to the
prohibition of a statute bears the burden of proof. First City Nat'l Bank, 386 U.S. at 366;
Morton Salt Co., 334 U.S. at 44-45. Both of these cases dealt with situations where the
actions of the defendants were generally prohibited by law. First City National Bank
involved the merger of two banks and whether they were exempt from prohibitions of
merging under antitrust laws via an exemption. This is not a case in the Truth-in-Lending
Act. As the more recent decision from the Third Circuit holds, the burden is on the plaintiff
alleging violation of the Truth-in-Lending Act to show that the transaction is the type
covered by the Act. Katz, 496 F.2d at 751. The court found the amount financed exceeds
$25,000.00; the contract relates to personal property, not real property; and the
Breckenridges affirmatively represented that the mobile home acquired was not to be their
principal dwelling. The evidence proves the transaction qualifies as an exempt transaction
under Section 1603(3).

 In their motion for rehearing, the Appellants correctly point out that the Truth-in-Lending Act is to be construed strictly against creditors and liberally in favor of consumers. 
Inge v. Rock Fin. Corp., 281 F.3d 613, 621 (6th Cir. 2002); Fairley v. Turan-Foley Imports,
Inc., 65 F.3d 475, 477, 482 (5th Cir. 1995). In Inge, the court reversed the district court's
finding that the plaintiff had failed to state a claim by holding that the plaintiff had
sufficiently pled her cause of action and is limited to an interpretation of Section 1605(f) of
the Truth-in-Lending Act. Inge, 281 F.3d at 621-22. We find the Bank did not have to
plead the transaction's exemption as an affirmative defense and affirm the trial court's
finding regarding the Truth-in-Lending Act. Because the Appellants did not attack the
merits of the trial court's findings, we need not address whether the trial court's findings
regarding the transaction were correct.

 We affirm the judgment. 



 Donald R. Ross

 Justice


Date Submitted: February 28, 2002

Date Decided: May 21, 2002


Publish

1. See 15 U.S.C.A. § 1601, et seq. (West 1998 & Supp. 2001); Tex. Bus. & Com.
Code Ann. § 17.01, et seq. (Vernon 1987 & Supp. 2002).
2. See Buzbee v. Buzbee, 870 S.W.2d 335, 336 (Tex. App.-Waco 1994, no writ),
where the same procedure was followed.
3. The following exemptions are provided in the Act: 


 (1) Credit transactions involving extensions of credit primarily for
business, commercial, or agricultural purposes, or to government or
governmental agencies or instrumentalities, or to organizations. 


 (2) Transactions in securities or commodities accounts by a
broker-dealer registered with the Securities and Exchange Commission. 


 (3) Credit transactions, other than those in which a security interest
is or will be acquired in real property, or in personal property used or
expected to be used as the principal dwelling of the consumer, in which the
total amount financed exceeds $25,000. 


 (4) Transactions under public utility tariffs, if the Board determines
that a State regulatory body regulates the charges for the public utility
services involved, the charges for delayed payment, and any discount
allowed for early payment. 


 (5) Transactions for which the Board, by rule, determines that
coverage under this subchapter [15 U.S.C.A. § 1601, et seq.] is not
necessary to carry out the purposes of this subchapter. 


 . . . .


 (7) Loans made, insured, or guaranteed pursuant to a program
authorized by Title IV of the Higher Education Act of 1965 (20 U.S.C. 1070
et seq.).


15 U.S.C.A. § 1603 (West 1998).